BADALAMENTI, Judge, Concurring. I concur with the court’s thorough analysis. It is clear that the Chief Judge acted within his constitutional and statutory authority to impose security duties upon the Sheriff. The legislature has made it clear that the chief judge of a judicial circuit “shall exercise administrative supervision over all the trial courts within the judicial circuit and over the judges and other officers of such courts.” § 43.26(1), Fla. Stat. (2016). The legislature has empowered each chief judge to “do everything necessary to promote the prompt and efficient administration of justice in the courts over which he or she is chief judge.” § 43.26(2)(e). A sheriff is an officer of the circuit court, namely the “executive officer.” § 26.49, Fla. Stat. (2016). A chief judge has the authority to direct a sheriff, as executive officer, to provide security for court facilities in order to promote the prompt and efficient administration of justice. Maintaining the safety of the public in court facilities, such as the Clerk’s office where, among other things, all court filings are maintained for the court’s disposition, is undoubtedly essential to the prompt and efficient administration of justice in the courts of our State. That said, I am mindful of the budgetary concerns that sheriffs across our State face. All in all, the concerns raised by the Sheriff in his petition are issues for Sarasota County and our State’s legislature to ferret out, not the courts.